IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROWN, d/b/a Brown's Tree Care, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. 06-5018-CV-SW-REL |
| THE OHIO CASUALTY INSURANCE, COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

**COMES NOW** plaintiff and would move the Court to dismiss defendant Ohio Casualty Insurance Company's (hereafter "Ohio Casualty") Declaratory Judgment pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as it fails to state a claim over which relief can be granted, and in support thereof, plaintiff would state as follows:

### I.     Background of the Claim at Issue.

Plaintiff has brought claims of bad faith, breach of contract, negligent claims handling, and breach of fiduciary duties against his insurer Ohio Casualty, for its failure to defend a suit brought by Maria Sanchez for the death of her husband. After defendant refused to defend its insured, Mr. Brown, a judgment for $1,500,000.00 was entered against him. Defendant in its answer asserted numerous affirmative defenses for its failure to defend, including three based upon exclusions three (3), four (4) and seven (7) of the policy of insurance at issue. Whether coverage exists will thus be an issue decided in the bad faith suit as a necessary element of the claim. Despite this, defendant has also sought to bring a counterclaim against plaintiff, seeking a declaratory judgment of no coverage

1

based upon the exact same three policy exclusions raised as affirmative defenses in the bad faith action. Please see defendant's affirmative defenses, ¶¶ Nos. 5-7; defendant's counterclaim ¶¶ Nos. 20-22.

As a declaratory judgment on issues which will be resolved in the underlying case is improper, plaintiffs hereby move to dismiss the counter claim as it does not state a claim upon which relief can be granted.

## II. A counterclaim for declaratory judgment is improper for matters which will be decided in the underlying case as affirmative defenses.

The purpose of a declaratory judgment is to allow a party the ability to obtain an adjudication of rights in situations <u>where the adverse party has not yet brought suit on the issue</u>. *Okpalobi v. Foster*, 190 F.3d 337, 347 (5th Cir. 1999). It serves therefore to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating at his leisure – or never." *National Union Fire Ins. Co. v. ESI*, 342 F.Supp.2d 853, 862 (D. Ariz. 2004). The basic purpose of a declaratory judgment therefore cannot exist in this case, as plaintiff has already brought suit on the exact issue defendants seeks a declaratory judgment over.

In similar circumstances, Federal Courts have consistently ruled a declaratory judgment is improper. In almost identical circumstances, the Court in *Albritton Properties v. American Empire Surplus Lines*, 2005 WL 975423 (N.D. Tex. 2005) dismissed a counterclaim seeking a declaratory judgment of no coverage for failure to state a claim, on the basis that coverage issues would be decided in the underlying suit. In *Albritton*, plaintiff was insured by defendant for damage to a commercial property. *Id.* at 1. After a loss, plaintiff filed a claim which defendant denied. *Id.* Thereafter, plaintiff brought suit for breach of contract, and bad faith. Defendant raised three affirmative defenses, and also sought a counterclaim for declaratory judgment that it had no coverage

2

based upon the same affirmative defenses raised in its answer. *Id.* at 2.

The Court started by noting the general rule that "a declaratory judgment is unavailable to resolve disputes already pending before the court." *Id.* at 2. Just as in this case, the Court also found that the grounds "on which Defendant requests declaratory judgment are essentially identical in substance to two of its three affirmative defenses." *Id.* at 3. Given these facts:

> The Court finds that because a declaratory judgment is unavailable to settle the matters on which Defendant seeks declaration, the counterclaim fails to state a claim upon which relief can be granted. First, the parties dispute regarding their rights and obligations under the Policy is already pending before the Court. In their pleadings, Plaintiffs claim a right to payment under the Policy for the damages and lost business income. Defendant, however, responds in its affirmative defenses that it has not duty under the Policy to cover those losses. The Court, therefore, must establish the parties rights and duties under the Policy in order to settle the breach of contract cause of action. Thus this dispute is already pending before the Court.

*Id.* at 3.

Similarly, the Court in *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942 (N.D. Ill. 2002) dismissed a declaratory judgment for failure to state a claim, because the issues sought to be declared were already at issue in the underlying case. The Court held that:

> Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated.

*Id.* at 944. Finding the declaratory judgment therefore served no useful purpose, the Court dismissed it in order to streamline the litigation. *Id.* at 945.

The same ruling was made by the Court in *U.S. v. Zanfei*, 353 F.Supp.2d 962 (N.D. Ill. 2005) where the Court held "Imposition of a declaratory judgment in this matter would be futile because

3

[defendant]'s counterclaim is repetitious and unnecessary: it merely restates an issue already before this Court". *Id.* at 965. The *Zanfei* Court therefore found based upon matters of "practicality and wise judicial administration" ruled defendant's counterclaim must be dismissed as "it is well settled that such repetitious and unnecessary pleadings should be stricken." *Id.* at 965.

Numerous other Courts have followed this clear rule including *Elder-Beerman Stores Corp. v. Elder Beerman Corp.*, 222 B.R. 309, 311 (S.D. Ohio 1998)(Dismissing counterclaim for declaratory judgment because it did nothing more than deny plaintiff's allegations in the underlying suit); *Celador International Ltd. v. The Walt Disney Co.*, 347 F.Supp.2d 846, 858 (C.D. Cal. 2004)(Issue raised by Declaratory Judgment will be resolved during underlying lawsuit, and thus Declaratory Judgment must be dismissed). Please see also *Western Heritage Ins. Co. v. Sunset Security Inc.*, 63 Fed. Appx. 965 (8th Cir. 2003)(Affirming Judge Gaitan's decision to dismiss declaratory judgment action where all the issues would be decided in the pending bad faith action).

### III.    Conclusion

As the above law makes clear, there can be no counterclaim for a declaratory judgment on issues which will be decided in the underlying case. One of the conditions for showing bad faith and breach of contract by plaintiffs in their case is that a policy of insurance existed, which provided coverage for the incident in question. Defendant acknowledges this by raising the issue of coverage and exclusions under its affirmative defenses. These same affirmative defenses cannot be the basis for a declaratory judgment. As such, the Court should dismiss defendant's counterclaim for declaratory judgment.

4

**THE STRONG LAW FIRM, P.C.**

|  |  |
|---|---|
| Steve Garner - | MO Bar#:35899 |
| Jeff Bauer - | MO Bar#:48902 |
| Chandler Gregg - | MO Bar#:56612 |

901 East Battlefield
Springfield, Missouri 65807
Phone: (417) 887-4300
Fax: (417) 887-4385
sgarner@stronglaw.com
jbauer@stronglaw.com
chandler@stronglaw.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to counsel for defendant via (X) U.S. Mail, ( ) Facsimile, ( ) Hand Delivery, ( ) Federal Express ( ) Electronic Means, this **1st day of May, 2006**.

Richard E. Davis
Daniel J. Rice
WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, MO 65808-3758
Phone: 417-882-7400
Fax: 417-882-6101

**Attorneys for Defendant**

**THE STRONG LAW FIRM, P.C.**

_____

5