IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROWN, <br> d/b/a Brown's Tree Care, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 06-5018-CV-SW-REL |
| THE OHIO CASUALTY <br> INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S SUGGESTIONS IN OPPOSITION
### TO PLAINTIFF'S MOTION TO DISMISS

**COMES NOW** Defendant/Counter-Claimant The Ohio Casualty Insurance Company, (hereinafter Ohio Casualty), by and through its attorneys of record, Whiteaker & Wilson, P.C., and for its Suggestions in Opposition to Plaintiff's Motion to Dismiss states, alleges, and avers a as follows:

**1. The Declaratory Judgment Action Is A Superior Avenue Through Which Resolution Of The Coverage Question May Be Had.**

Plaintiff John Michael Brown (hereinafter Brown) has brought suit in the United States District Court, Southwestern Division, asserting what is essentially a bad faith cause of action against Defendant Ohio Casualty. The threshold issue in this bad faith action will be whether the policy of insurance issued by Ohio Casualty provides coverage for this claim.

The Plaintiff has demanded a jury trial in his Petition for bad faith. The central issue of coverage, however, involves the construction and interpretation of the policy of insurance.

"The interpretation of an insurance policy presents a question of law for the Court, not the jury." *Indiana Lumbermen's Mutual Insurance Company v. Timberland*

*Pallet and Lumber Company,* 195 F.3d 368 (C.A. 8, 1999). Due to the nature of the issues which Plaintiff's bad faith case presents, a Declaratory Judgment action is an ideal avenue through which to decide the issue of coverage without confusing the matter by intermingling issues of fact and questions or law.

As explained by the Court in *Dow Jones and Company, Inc., v. Harrods, LTD,* 237 F.Supp.2d 394, (SD NY 2002):

> The D.J.A. [Declaratory Judgment Act] remedy was designed as a means to facilitate early and effective adjudication of disputes at a time when a controversy, though actual, may still be incipient, but before it expands into larger conflict. By enabling the parties to narrow the issues and differences and expedite resolution of their conflict, the DJA procedure helped to minimize the prolongation of disputes, reduce the risk of loss, and avoid the unnecessary accumulation of damages.
>
> Declaratory relief thus not only functions as an adjudicatory device but serves a preventative purpose as well. It permits the Court in one action to define the legal relationships and adjust the attendant rights and obligations at issue between the parties so as to avoid the dispute escalating into additional wrongful conduct. In this matter, the statute can avert greater damages and multiple actions in collateral issues involving not only the original litigants but potentially other third parties. So employed, the remedy promotes several utilitarian values in the adjudication of disputes: speed, economy, and effectiveness. *Id. at 405.*

As noted above, the threshold issue in this bad faith action will be whether the policy of insurance issued by Ohio Casualty provides coverage for the claims made by Brown. The resolution of this issue is purely a question of law, and is ill-suited for a jury trial in Federal Court. A Declaratory Judgment on the coverage issue will "permit the Court in one action to define the legal relationships and adjust the attendant rights and obligations" which are the central issues of Plaintiff's bad faith claim against Defendant.

**2.     A Declaratory Judgment On The Issue Of Coverage Alone Will Be Determinative Of The Legal Question Before The Court And Is Not Precluded By Plaintiff's Bad Faith Action.**

Plaintiff has stated in his Motion to Dismiss that: "The basic purpose of a Declaratory Judgment therefore cannot exist in this case, as Plaintiff has already brought suit on the exact issue Defendants seek a Declaratory Judgment over." *See Plaintiff's Motion, page 2.*  This, however, misstates the issue.  The Court in *Sears Roebuck and Company v. American Mutual Liability Insurance Company,* 372 F.2d 435, (C.A. 7th 1967), accurately stated both the law on the Court's jurisdiction for Declaratory Relief, and the purpose of the Declaratory Judgment cause of action.  The Court stated the issue as follows:

> Declaratory relief under this provision is discretionary.  However, the provision should be construed to effectuate the purpose of the Act to afford relief from uncertainty and insecurity with respect to the legal relations…the pendency of another suit is not a sufficient reason to decline Declaratory jurisdiction if that suit will not necessarily determine the controversy between the parties.  The standards generally to be applied in exercising discretion to hear a Declaratory Judgment action are whether a Declaratory Judgment will settle the particular controversy and clarify the legal relations and issue.  *Id. at 438.*

Plaintiffs also state in their motion that Federal Courts have "consistently" decided that Declaratory Judgment in such circumstances improper.  The Plaintiff then cites to *Albritton Properties v. American Empire Surplus Lines,* 2005 WL 975423 (ND Tex 2005).  Plaintiff's reliance on an unpublished memorandum opinion which, even if published, would have no binding authority on this Court, is misplaced.  Additionally, to state that there is any "consistency" in the reported cases from the Federal Courts in the United States is an overstatement.

For example, The Seventh Circuit, in the *Sears* case quoted above, reversed a district court's decision to decline its discretionary jurisdiction on a Declaratory Judgment action

because the district court placed too much reliance on the fact that there was an underlying suit in state court, finding that "the Court's discretion is not properly used". *Id.*

The Court in *Continental Casualty Company v. Costal Savings Bank,* 977 F.2d 734, (CA 2nd 1992), stated the issue even more strongly. In *Continental Casualty,* the insurer sought a Declaratory Judgment that it had no duty to defend under an insurance policy. In *Continental Casualty,* the district court dismissed the Declaratory Judgment action on the ground that it would require development of similar factual record as in the simultaneous state court preceding. The Court of Appeals held that Declaratory Judgment action could be heard in the district court because it would settle legal relations between the two insurers. In so holding, the Court found:

> A Court must entertain Declaratory Judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. If either prong is met, the action must be entertained. *Id. at 737.*

The Court then quoted Moore's Federal Practice, Section 57.08, (2nd Edition 1992), stating:

> It seems well-settled that mere pendency of another action involving the same set of facts does not in and of itself preclude the exercise of the Declaratory jurisdiction. *Id.*

The Second Circuit, in its conclusion, stated that: "Nor is it the law that a Federal Court must decline to entertain a Declaratory Judgment action because a Declaratory remedy may exist in state court." *Id. at 738.*

And again in *Continental Insurance Company v. McKain,* 821 F.Supp. 1084 (ED Penn. 1993), the Court found that:

> Under the Declaratory Judgment Act, 28 U.S.C. Section 2201, 2202, the Court may exercise its discretion to declare the respective responsibilities of the parties with regard to justiciable controversies. It may do so in an insurance case when

an underlying action has been filed in state court and the amount of liability is not yet been determined, if the Declaratory Judgment Action will serve a useful purpose. *Id* at 1088.

Plaintiff has failed to show sufficient reason why the Court should not exercise its jurisdiction in this matter. The coverage issue before the court today presents a situation for which the Declaratory Judgment provides a perfect solution. The hearing on the Declaratory Judgment in this matter will determine the threshold issue in plaintiff's bad faith claim: the issue of coverage. This will clearly define the legal relationship between the parties, and will afford both parties relief from the present state of uncertainty and controversy.

The question of bad faith necessarily involves a complex and detailed review and examination of the entire history of the underlying litigation, from the occurrence which gives rise to the claim submitted to Ohio Casualty by Brown, through the present day. The question of law which is presented for decision in Ohio Casualty's Counter-Claim is central to the plaintiff's case, and a clear, concise record can be presented to the Court in order to resolve this single issue.

**3. Plaintiff's Bad Faith Suit Will Not Dispose Of All Issues Which Relate To The Occurrence Giving Rise To The Claims Against John Michael Brown.**

The occurrence which gives rise to the claim made against Ohio Casualty by Brown is the death of Lorenzo Sanchez, an employee of Brown. A civil suit was initiated by Mr. Sanchez' widow in Washington County, Arkansas, for the wrongful death of her husband. Ms. Sanchez and Brown then entered into a high-low arbitration agreement and submitted the cause to a mediator. An award was returned in favor of Ms. Sanchez and against Brown in the amount of $1,500,000.00 (one million, five hundred thousand dollars).

Jeff Slaton, the attorney representing Ms. Sanchez in the Washington County action then submitted a letter dated January 23, 2006 (A copy of which is attached as Exhibit 1) to the Probate Division of the Washington County Circuit Court regarding the estate of Lorenzo Sanchez. The letter stated that:

> In any event, the administrator (Ms. Sanchez) has agreed to forego any collection of the judgment while the defendant, John Michael Brown pursues a bad faith case against the insurance company, Ohio Casualty. Mr. Brown has agreed to pay any proceeds from the bad faith case to the Administrator of the Lorenzo Sanchez estate up to the amount of the [$1.5 million] judgment.

Ohio Casualty intends to bring Ms. Sanchez into this Declaratory Judgment action in order that any judgment entered herein will be binding on her. Ohio Casualty is not aware of the terms and substance of the agreement, contract, or deal which exists between Brown and Ms. Sanchez. Ohio does not know whether any assignment of rights has taken or will take place, or of any other contingency which would render incomplete any judgment reached in the bad faith litigation which exists between Brown and Ohio Casualty. Without Ms. Sanchez as a party to the proceedings, in light of the agreement referenced above, any decision would be incomplete.

Due to the existence of at least some form of agreement between Ms. Sanchez and Brown, the bad faith suit filed by Brown does not include all interested parties such that any decisions reached in the bad faith claim would fully and adequately protect Ohio Casualty. To dismiss the Declaratory Judgment action and allow the bad faith claim to move forward would subject Ohio Casualty to "uncertainty, insecurity, and controversy", and would not "settle the legal relations in issue." The institution of the Declaratory Judgment action by Ohio Casualty, and the addition of Ms. Sanchez as an interested party, will effectuate the purposes of the Declaratory Judgment Act, and will afford all parties the resolution of the question of the legal relationships and duties as those exist between the parties.

### 4. Conclusion

Ohio Casualty has filed a Counter Claim for Declaratory Judgment on the issue of the coverage provided by the policy of insurance under which the plaintiff made his claim. Resolution of this issue can clearly define any further litigation that may be necessary. However, deciding the issue of coverage in a bad faith trial to a jury will unnecessarily confuse the issues, subject both parties to a potentially unnecessary and lengthy trial, and serve to detract from the threshold issue which, as a matter of law, must be decided by the Court. A Declaratory Judgment is not only permitted by law in these circumstances, but is a superior way in which to proceed with this litigation.

**WHITEAKER & WILSON, P.C.**

By /s/ Richard E. Davis
    RICHARD E. DAVIS
    Missouri Bar No. 33691
    DANIEL J. RICE
    Missouri Bar No. 57632

*Attorneys for Ohio Casualty*

WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, Missouri 65808
(417) 882-7400
FAX: (417) 882-6101

## CERTIFICATE OF SERVICE

   I, the undersigned, do hereby certify that a copy of the above and foregoing document therein was served upon all attorneys of record by: ( **X** ) filing electronically (ECF), ( ) fax, ( ) hand delivery, ( ) overnight mail, and/or ( ) mailing a copy to their respective offices, via First Class, U.S. Mail, postage pre-paid on this 16th day of May, 2006, as prescribed by law to the following persons:

Steve Garner
Jeff Bauer
The Strong Law Firm, P.C.
901 East Battlefield
Springfield, Missouri 65807
 *Attorneys for Plaintiff*

                  /s/ Richard E. Davis
                  Attorney of Record


WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, Missouri 65808-3758
Telephone No. (417) 882-7400
Facsimile No. (417) 882-6101