IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JOHN MICHAEL BROWN, )
d/b/a Brown's Tree Care, )
)
Plaintiff, )
)
vs. ) Case No. 06-5018-CV-SW-REL
)
THE OHIO CASUALTY INSURANCE, )
COMPANY, )
)
Defendant. )

## PLAINTIFF'S REPLY SUGGESTIONS IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

**COMES NOW** plaintiff and for his Reply Suggestions in Support of his Motion to Dismiss Defendant's Counterclaim would state as follows:

### I. Defendant's "counterclaim" is merely an affirmative defense on one of the elements of plaintiff's claim, which will be resolved in the underlying case

This suit involves claims for bad faith failure to defend a claim by Ohio Casualty, against its insured, John Michael Brown. As such, an element of plaintiff's claim will require a showing of coverage under the policy. Whether coverage exists will be decided in the bad faith suit. If defendant believes there was no applicable coverage, it may file a motion for summary judgment on the issue of coverage. There is no need for a second action or "counterclaim" on the exact issue which will be decided in the case already on file.[1] Defendant recognizes this, by listing these exact

---

[1] The stated purpose of a declaratory judgment is to allow a party to obtain an adjudication of rights in situations <u>where the adverse party has not yet brought suit on the issue</u>. *Okpalobi v. Foster*, 190 F.3d 337, 347 (5th Cir. 1999). As plaintiff has already brought suit on these exact issues, between these exact parties, there is no possible reason for a declaratory judgment.

*1*

same claims as affirmative defenses in their answer. A declaratory judgment is thus not "an ideal avenue" to decide coverage, as it offers nothing that a motion for summary judgment does not. It would serve instead only to muddle and unduly complicate the case, creating a separate cause of action for matters already at issue.

## II. Defendant's Suggestions cite no case authorizing a declaratory judgment based upon an affirmative defense to a claim already pending in that Court

Defendant's suggestions criticize plaintiffs for citing one unpublished decision, but fails to mention the other five decisions cited in Plaintiff's Suggestions, including one Eighth Circuit opinion. Defendant utterly fails to address the holdings or the reasoning of these multiple cases which are directly on point, because they show the counter claim asserted in this case is not valid, and in clear and concise terms explain why. Please see e.g. *U.S. v. Zanfei*, 353 F.Supp.2d 962, 963-965 (N.D. Ill. 2005)(Finding declaratory judgment "unnecessary and improper" as it raises claims identical to those in the underlying complaint); *Western Heritage Ins. Co. v. Sunset Security, Inc.*, 63 Fed. Appx. 965 (8th Cir. 2003)(Affirming dismissal of declaratory judgment, where all of the issues would be decided in the pending bad faith case); *Elder-Beerman Stores Corp. v. Elder Beerman Corp.*, 222 B.R. 309, 311 (S.D. Ohio 1998)(Dismissing counterclaim for declaratory judgment because it did nothing more than deny plaintiff's allegations in the underlying suit); *Celador International Ltd. v. The Walt Disney Co.*, 347 F.Supp.2d 846, 858 (C.D. Cal. 2004)(Issue raised by declaratory judgment will be resolved during underlying lawsuit, and thus declaratory judgment must be dismissed); *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 93-945 (N.D. Ill. 2002)(Dismissing declaratory judgment that serves no useful purpose, as issues will be decided in underlying suit).

Even more telling is the fact that while plaintiffs cited numerous cases finding defendants

2

claim invalid, defendant fails to cite a single case authorizing a counter claim for declaratory judgment on matters which will be decided in the already filed case. Instead, defendants are left citing cases with no applicability to the issue before this Court. Thus, *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734 (2nd Cir. 1992) does not involve affirmative defenses asserted as counterclaims in the same suit. Instead, the *Continental Casualty* Court expressly premised its opinion on the fact "the legal and factual issues in the instant matter and state court litigation are different." *Id.* at 737 emphasis added. Thus, unlike this case, *Continental Casualty* involved whether the District Court should entertain a declaratory judgment, where:

1. The facts and legal issues were different from the action pending;
2. The action pending was in a separate state court, and not in the same Court;
3. The party bringing the declaratory judgment was not a party to the state court action; and
4. The central issue of liability in the declaratory judgment action "will not be determined in the state court actions."

*Id.*

Even less on point is *Sears, Roebuck & Co. v. American Mutual Ins. Co.*, 372 F.2d 435 (7th Cir. 1967). *Sears* stands for the unsurprising proposition a declaratory judgment may be filed as to whether coverage exists for a tort claim which is pending in state court. In *Sears*, a claim had been brought against Sears in state court for injury when the plaintiffs thermal underwear burst into flames. Sears claimed it was covered by a policy of insurance by the third party manufacturer purchases from American Mutual. *Id.* at 437. The declaratory judgment was filed by Sears seeking a determination of whether American Mutual owed it a defense in the tort case. Thus, unlike this case, the counterclaim was not merely an affirmative defense, but instead a completely separate issue, between completely different parties. The finding in the state court action of whether the third party manufacturer had actually made the underwear "would not be binding on Flagg-Utica since it

*3*

was not a party to the litigation". *Id.* Instead, the most that could be said was that if a third party claim were to be made, some of the issues in the declaratory judgment might possibly be resolved. As the underlying suit would not determine "the controversy between the parties", the counterclaim was not precluded.[2]

Plaintiff has thus cited the Court numerous decisions holding an affirmative defense cannot be asserted as a counterclaim declaratory judgment. Tellingly, defendant has cited <u>no</u> authority on point approving of such a claim. Given the complete absence of any such authority in defendant's suggestions, defendant's counterclaim for declaratory relief should be dismissed.

### III. Ms. Sanchez is not a proper party who may be brought into this case, as no assignment has our could be made of Mr. Brown's bad faith claim

The final argument made by defendant is that they would like to bring a third party into the case (Ms. Sanchez), the plaintiff in the suit Ohio Casualty failed to defend. Ms. Sanchez, however, is not a proper party in this suit for several reasons. There is no relationship, whether by contract or tort, between Ms. Sanchez and Ohio Casualty. Likewise, there is no assignment between Ms. Sanchez the plaintiff in the Arkansas case, and Mr. Brown, the judgment debtor. The letter by counsel for Ms. Sanchez (Jeff Slaton) cited by defendants is merely an update to the Arkansas Trial Court that Sanchez has decided not to put Mr. Brown into bankruptcy and seek an assignment of the claim pursuant to *Ganaway v. Shelter Mutual Ins. Co.*, 795 S.W.2d 554 (Mo. App. S.D. 1990). There is no assignment, and the "agreement" defendants reference is nothing more than the requirement that as a judgement debtor, should Brown recover for the bad faith committed against

---

[2] *Continental Ins. Co. v. Allstate Ins. Co.*, 821 F.Supp. 1084 (E.D. Penn. 1993), the only other case cited by defendant likewise has nothing to do with an attempt to assert a counterclaim within an ongoing action which will determine the exact issue raised.

4

him, he will pay off the debt owed by law.

Further, under directly binding law, the Eighth Circuit has ruled Ms. Sanchez is not a proper party in this case. In *Quick v. National Auto Credit*, 65 F.3d 741 (8th Cir. 1995) the Court noted the proper party for a bad faith case is the insured, and not the judgment creditor who the insured injured. *Id.* at 746. The Eighth Circuit therefore held that under Missouri law, a tort action for bad faith cannot be assigned. As such, the judgment creditor was an improper party, and the Court granted judgment as a matter of law on this matter. *Id.* at 747. Under *Quick*, Ms. Sanchez cannot be brought into this case.[3]

Ms. Sanchez has no possible standing in this case, and is not a proper party pursuant to *Quick Supra*. Therefore, all parties with a legally cognizable interest are present before the Court, and the matter will be fully resolved by the determination of the underlying claim. There is nothing about this case which takes it outside the standard rule that it is improper to assert an affirmative defense as a separate counterclaim.

## VI. Conclusion

Defendant's counterclaim for declaratory relief serves no useful purpose. It will not resolve any issue that is not already before the Court. It will not allow for the matter to be resolved any quicker than it could be by the eventual motion for summary judgment on the necessary element of coverage. Defendant's stated intention of bringing a non interested party into the case, in direct violation of Eighth Circuit authority, is likewise not a proper argument to support allowing a

---

[3] Ms. Sanchez is likewise not a proper party in regard to the issue of coverage, as she was not a party to the contract of insurance between Ohio Casualty and Mr. Brown. Thus, Ms. Sanchez has no possible claim against Ohio Casualty, and Ohio Casualty has no possible claim against her. Therefore, Ms. Sanchez could not be a proper party.

counterclaim on what is admittedly an affirmative defense. As such, plaintiffs respectfully would suggest the Court follow the only case authority on point, and dismiss defendant's counterclaim for declaratory judgment.

THE STRONG LAW FIRM, P.C.

_____
Steve Garner -      MO Bar#:35899
Jeff Bauer -        MO Bar#:48902
Chandler Gregg -    MO Bar#:56612
901 East Battlefield
Springfield, Missouri 65807
Phone: (417) 887-4300
Fax: (417) 887-4385
sgarner@stronglaw.com
jbauer@stronglaw.com
chandler@stronglaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to counsel for defendant via (X) U.S. Mail, ( ) Facsimile, ( ) Hand Delivery, ( ) Federal Express ( ) Electronic Means, this **31st day of May, 2006**.

Richard E. Davis
Daniel J. Rice
WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, MO 65808-3758
Phone: 417-882-7400
Fax: 417-882-6101
Attorneys for Defendant

THE STRONG LAW FIRM, P.C.

_____

6

Case 3:06-cv-05018-RED   Document 16   Filed 05/30/06   Page 6 of 6