IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROWN, | ) | |
| d/b/a Brown's Tree Care, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 06-5018-CV-SW-REL |
| | ) | |
| THE OHIO CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUR-REPLY TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTER-CLAIM

**COMES NOW** Defendant The Ohio Casualty Insurance Company, (hereinafter Ohio Casualty), by and through its attorneys of record, Whiteaker & Wilson, P.C., and for its Sur-Reply To Plaintiff's Motion To Dismiss Defendant's Counter-Claim, states, alleges, and avers as follows:

**1. Ohio Casualty's Counter-Claim is not merely an affirmative defense.**

Ohio Casualty would hereby re-state, and incorporate by reference, its Suggestions in Opposition to Plaintiff's Motion to Dismiss, which were previously filed with this Court. Ohio Casualty re-asserts those propositions which state that this Counter-Claim for Declaratory Judgment is proper in these circumstances. Plaintiff's assertion that "a Declaratory Judgment is thus not an ideal avenue to decide coverage, as it offers nothing that a Motion for Summary Judgment does not" is disingenuous, and ignores the realties of this present suit.

This Declaratory Judgment will clearly focus the Court on the question of law presented to it, i.e. coverage. Additionally, in bringing in Ms. Sanchez as a third-party defendant, this

Declaratory Judgment can resolve all issues between all the parties involved. The necessity of Ms. Sanchez' involvement in this matter will be discussed further below.

Additionally, Plaintiff states that allowing the Declaratory Judgment to move forward would "muddle and unduly complicate the case". This is simply not true. Plaintiff has asserted, among others, a bad faith cause of action against Ohio Casualty and will seek to prove these bad faith claims through voluminous and arduous discovery directed at Ohio Casualty. This discovery includes requests for production relating to the entire claims file, internal claims handling practices at Ohio Casualty, pay scales and advancement criteria at Ohio Casualty, and other corporate information. All of this discovery, of course, is absolutely irrelevant if there exists no coverage for this claim under the policy. What will "muddle and unduly complicate" this case is pursing discovery and jury trial preparation for a matter that could be rendered moot by resolution of the coverage question.

**2.     Plaintiff's Reply Suggestions contain a tacit admission that Ms. Sanchez has an interest in the outcome of this litigation.**

Ohio Casualty has made reference to the necessity of Ms. Sanchez' involvement in this case in its Suggestions In Opposition to Plaintiff's Motion to Dismiss. Ms. Sanchez and Brown have entered into some kind of "agreement" involving the probate proceedings of Mr. Sanchez' estate in Arkansas (a copy of which was attached to Ohio Casualty's "Suggestions in Opposition" to Plaintiff's Motion to Dismiss). This agreement clearly gives Ms. Sanchez an interest in the outcome of this litigation. What is not known at this time is what the terms of this agreement are, and what should happen in the event that this claim is found to be excluded by the policy.

Plaintiff's Suggestions, on page 4, state: "There is no assignment, and the "agreement" Defendants reference is nothing more than the requirement that as a judgment debtor, should

Brown recover for the bad faith committed against him, he will pay for the debt owed by law." Plaintiff has sited absolutely no supporting case law, and has attached no case citations or supporting authority for the assertion that this letter is somehow just a formality under the Arkansas probate law. The cursory statement that the agreement is "nothing more than the requirement" that Brown has to satisfy with the probate court in Arkansas is unsupported in Plaintiff's Suggestions. Plaintiff, by this assertion, attempts to portray to the Court that this agreement was nothing more than a procedural necessity under the probate system in Arkansas. This disingenuous statement completely down-plays the agreement between Brown and Sanchez, and underestimates the importance of Mrs. Sanchez' involvement in this matter.

Plaintiff's Suggestions also seem to indicate that Ohio Casualty is somehow concerned that Mrs. Sanchez will be "assigned" Mr. Brown's bad faith claim. This is not Ohio Casualty's concern, and misstates Ohio Casualty's position. This tacit admission in Plaintiff's Suggestions clearly indicates that there is some type of agreement existing between Brown and Sanchez. The substance of that agreement is not known at this time, but it could contain any number of agreements and understandings between the parties.

What Plaintiff's Suggestions do not address is the possibility, and probability, that Mrs. Sanchez will attempt to garnish Ohio Casualty for any unsatisfied judgment she has against Mr. Brown pursuant to RSMO §379.200, Missouri's "equitable garnishment" statute. Section §379.200 provides, in pertinent part:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury . . . the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may

> proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

The agreement letter attached to our previous Suggestions, and the "agreement" referenced by Plaintiff's Suggestions, indicate that there is an understanding between Mrs. Sanchez and Mr. Brown that any award obtained through this bad faith litigation will be paid into the probate estate of Mr. Sanchez, the deceased. What Plaintiff's brief fails to point out is that Mrs. Sanchez is the administratix and a beneficiary in the probate action. Mrs. Sanchez obviously has an interest in the outcome of this litigation, because any monies collected by Brown will go straight to the probate estate, thus, to her. It is also completely unclear from the state of this case what action would be taken by Ms. Sanchez should Brown be unsuccessful in the present action. An action against Ohio Casualty by Ms. Sanchez, as a judgment creditor, would be one possibility, and without Ms. Sanchez as a party in this proceeding any determination of coverage would not be binding upon her.

Again, Ohio Casualty is not concerned with any assignment of a bad faith claim by Brown to Mrs. Sanchez. Rather, Ohio Casualty is concerned that it may be brought into Court in Arkansas or somewhere else, on a subsequent date, by Ms. Sanchez (individually or as administratrix) to litigate issues which could have been resolved through this pending action, by simply adding Mrs. Sanchez as a party defendant to Ohio Casualty's Counter-Claim for Declaratory Relief. If Mrs. Sanchez were added in such a way, any judgment rendered by the Court as to coverage afforded by this insurance policy would be binding on her, and would preclude any private right of action she would have against Ohio Casualty for garnishment or other avenues of collection for this judgment.

**3. Conclusion**

The Declaratory Judgment Counter-Claim which has been filed by Ohio Casualty is an imminently proper avenue through which this coverage question can be resolved. Additionally, addition of Mrs. Sanchez as a party defendant to this lawsuit is absolutely necessary to insure that the interest and rights of Ohio Casualty are fully protected by any judgment rendered herein. Not adding Mrs. Sanchez as a party would potentially subject Ohio Casualty to multiple lawsuits in multiple states relating to the same issues; issues of coverage which should be decided through the hearing of Ohio Casualty's Counter-Claim for Declaratory Judgment, and the addition of Ms. Sanchez, who has a very real interest in the outcome of the litigation currently pending, would allow complete resolution of these issues.

**WHITEAKER & WILSON, P.C.**

By: /s/ Richard E. Davis
RICHARD E. DAVIS
Missouri Bar No. 33691
DANIEL J. RICE
Missouri Bar No. 57632
*Attorneys for Ohio Casualty*

WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, Missouri 65808
(417) 882-7400
FAX: (417) 882-6101

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that a copy of the above and foregoing document therein was served upon all attorneys of record by: ( **X** ) filing electronically (ECF), ( ) fax, ( ) hand delivery, ( ) overnight mail, and/or ( ) mailing a copy to their respective offices, via First Class, U.S. Mail, postage pre-paid on this 1st day of June, 2006, as prescribed by law to the following persons:

Steve Garner
Jeff Bauer
The Strong Law Firm, P.C.
901 East Battlefield
Springfield, Missouri 65807
 *Attorneys for Plaintiff*

                                     /s/ Richard E. Davis
                                     Attorney of Record

WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, Missouri 65808-3758
Telephone No. (417) 882-7400
Facsimile No. (417) 882-6101