IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROWN d/b/a Brown's Tree Care, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 06-5018-CV-SW-REL |
| THE OHIO CASUALTY INSURANCE, COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO BIFURCATE

**COMES NOW** plaintiff John Michael Brown, and for his Suggestions in Opposition to Defendant Ohio Insurance's Motion to Bifurcate would state as follows:

**I.     Introduction**

This case involves a rather straight forward failure of Ohio Insurance to defend its insured John Michael Brown when sued for the wrongful death of Lorenzo Sanchez. Ohio Insurance refused to defend Mr. Brown based upon an alleged policy exclusion for mobile equipment. Left without a defense, Mr. Brown hired his own lawyer who was able to negotiate a high - low agreement with the attorneys for Mr. Sanchez' widow to arbitrate the wrongful death claim. This agreement turned out to be very beneficial to Mr. Brown, as the arbiter awarded the widow Sanchez over $2,000,000.00. Pursuant to the high - low agreement, however, this award was reduced to $1,500,000.00.

After entry of the judgment against him, Mr. Brown brought claims of bad faith, breach of contract, breach of fiduciary duty and negligence against defendant Ohio Insurance. Importantly,

<u>in its answer Ohio Insurance tacitly admitted its failure to defend Mr. Brown was improper, as it failed to even raise the sole exclusion upon which it denied the coverage and defense Mr. Brown had purchased</u>.

Ohio Insurance in its latest move to overly complicate its bad faith refusal to defend Mr. Brown now seeks to split one element of the bad faith claim, and try it separately from all the others. Defendant's arguments, however, miss the mark. The argument that plaintiff should not have access to his claims file until coverage has been established is patently false, and violates binding authority by the Missouri Supreme Court. Under *Grewell v. State Farm Mutual*, 102 S.W.3d 33 (Mo. banc 2003)("*Grewell I*") <u>the entire claims file belongs to Mr. Brown</u>. As such, Mr. Brown must be given "free and open access to that file" any time he request it. *Grewell I* at 37. No saving in time, discovery, or effort can possibly be found in bifurcating the coverage issue, as Mr. Brown is entitled to the file immediately, whether the Court bifurcates or not. Indeed, should defendant deny Mr. Brown access to the entire claims file upon request, they are in breach of their fiduciary duties, and are liable for attorney fees and punitive damages. Please see *Grewell v. State Farm Mutual*, 162 S.W.3d 503 (Mo. App. W.D. 2005)("*Grewell II*").

Defendants are also wrong that the issues of coverage and bad faith are completely separate. Instead, the issues and evidence of coverage and bad faith are intertwined, making it inappropriate to split the two issues. As noted above, defendant has now tacitly admitted the sole reason it failed to defend Mr. Brown does not have enough merit to even be pled as an affirmative defense in defendant's answer. Instead, defendant is now attempting to rely upon exclusions which were never raised when it failed to defend Mr. Brown. The issues of coverage and bad faith will thus be intertwined and require much of the same document discovery (claims files, investigative reports,

coverage reviews) and testimony (claims adjustors and policy analyst).[1] Defendant is also wrong in its argument that the issue of coverage will be a purely legal issue, on which little discovery or dispute is involved. Defendant having recognized its bad faith in refusing to defend on an improper basis, now seeks to deny coverage on grounds never before raised nor relied upon. In such situations, factual issues of estoppel and waiver arise. Please see e.g. *Wood v. Safeco Ins. Co*, 980 S.W.2d 43 (Mo. App. E.D. 1998); *Miller v. Secura Ins.*, 53 S.W.3d 152 (Mo. App. W.D. 2001). These are very fact specific inquiries, which will require depositions of all of the same people the bad faith claim will entail.

Finally, defendant in its brief failed to cite the Court to both Eighth Circuit authority rejecting its central argument, and a case where just three months ago Ohio Casualty raised this exact same arguments, and was summarily denied. Please see *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000) and *Trinity Homes, LLC. v. Regent Ins. Co. and Ohio Casualty Ins. Co. et al.*, 2006 WL 753125 (S.D. Ind. 2006).

For these reasons, defendants motion to bifurcate should be denied.

## II. Standard

Rule 42 gives discretion to the Court whether to order bifurcation. In the exercise of that discretion the Court should "begin its analysis with the Advisory Committee's admonition that separation of issues for trial is not to be routinely ordered." *Svege v. Mercedes Benz Credit Corp.*, 329 F.Supp.2d 283, 284 (D. Conn. 2004), citing Advis. Com. Notes, 1996 Amend, Fed R. Civ. P.

---

[1] In a prior case involving the same exclusion and refusal to defend, material produced in the claims and investigative file showed defendants in relying upon the invalid mobile equipment provision had already considered and found inapplicable defenses similar to those raised in this case. It is interesting to note this is the same material defendant has so strongly attempted to avoid producing in this case.

42(b). The United States Supreme Court has held the jury is normally entitled to hear all the evidence and deliberate upon all the issues in a case at once. *Id.* citing *Miller v. Am. Bonding. Co.*, 257 U.S. 304, 307, 42 S.Ct. 98, 66 L.Ed. 250 (1921). A Court thus properly denies bifurcation where evidence of one issue would potentially be relevant to another. *Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1997).

While the Court is permitted in limited circumstances to bifurcate:

> the presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that a distinct cause of action asserted in the same case may be made the subject of separate trials.

*Jeanty v. County of Orange*, 379 F.Supp.2d 533, 549 (S.D. N.Y. 2005).

Federal Courts therefore "order separate trials only when clearly necessary". *Corrigan v. Methodist Hospital*, 160 F.R.D. 55, 56 (E.D. Pa. 1995). This is because a single trial generally lessens delay, expense and inconvenience to the parties and to the Courts. *Id.*, citing 5 *Moore's Federal Practice*, ¶ 42.03[1], at p. 42-43 (1994). "[B]ifurcation remains the exception, not the rule", because two separate trials does not typically serve judicial economy. *Trading Technologies International, Inc. v. Espeed, Inc.*, 2006 WL 1037322, *1, 5 (N. D. Ill. 2006).[2]

The party seeking bifurcation has the burden of proof to show all of the necessary elements justifying bifurcation. *Corrigan* at 56, citing Moore, Federal Practice at P.42-48. If a party fails to show sufficient prejudice and gain in economy, "a motion for bifurcation will be denied." *U.S. v.*

---

[2] The Court in *Trading Technologies* also recognized that bifurcation often leads to additional discovery disputes which "actually add time and energy to a litigation". *Id.* at 5. Further, Rule 42(b) by its express terms allows for separate <u>trials</u>. Please see e.g. *Country Life Ins. Co. v. St. Paul Surplus Lines*, 2005 WL 3690567 (C.D. Ill. 2005) (Discovery should proceed for all matters, as bad faith and coverage will overlap. The most relief the Court could award would be separate trials, not separate discovery proceedings).

*Beaudet*, 2004 WL 1635853, *1-2 (D.Minn. 2004), citing 8 *Moore's Federal Practice*, ¶42.20[8] at 42-53 (2004). This is especially true where evidence may be relevant to issues sought to be bifurcated *Niver v. Travelers Indemnity Co.*, 2006 WL 1165865 (N.D. Iowa 2006), citing *E.E.O.C. v. HBE Corp.*, (8th Cir. 1998) at 551.

### III. Eighth Circuit Precedent holds that bifurcation is not appropriate in this case.

Defendant's Suggestions are premised upon several false arguments. Primarily, this is not a complex case, but instead a rather straight forward failure to defend/bad faith claim. Despite this, defendant at every turn has tried to overly complicate its resolution. Defendant has even gone so far as to indicate it would rather face punitive damages and an award of attorney fees than turn over the claims file to its rightful owner, Mr. Brown.

While Ohio Casualty was able to find a few out of jurisdiction cases, it failed to find or cite the Court to Eighth Circuit authority directly on point, *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000). When called upon to consider a similar request for bifurcation, the Court in *Athey* held that breach of contract issues and bad faith claims were properly tried together, rather than bifurcated as Ohio Insurance seeks in this case. In *Athey*, the defendant argued that failure to bifurcate the trial would cause it prejudice in allowing evidence of its bad faith to be considered on the coverage/contract issue. *Id.* at 361. The insurer also argued, just as Ohio Insurance does, that its claims files should not be discoverable until after the contract/coverage issue had been decided. *Id.* The District Court considered these arguments, and denied the insurers motion to bifurcate.

Arguing the same points, the defendant appealed to the Eighth Circuit. The Eighth Circuit considered these arguments, and held that defendant was not prejudiced by allowing the case to be tried together. *Id.* at 362. Importantly, the Court rejected the argument that discovery of the claims

Case 3:06-cv-05018-RED   Document 20   Filed 06/13/06   Page 5 of 11

file should have waited until a determination of the contract issue, affirming the District Court's refusal to bifurcate. *Id.* This holding is even more applicable after *Grewell I and II*, as there can be no possible argument of prejudice for providing plaintiff what he is entitled to by absolute right under Missouri law.

Like *Athey,* defendant Ohio Casualty was apparently unable to find a copy of the Order it received a few months ago in *Trinity Homes, LLC. v. Regent Ins. Co. And Ohio Casualty Ins. Co. et al.*, 2006 WL 753125 (S.D. Ind. 2006). In *Trinity Homes*, just as in this case Ohio Insurance failed to defend its insured for claims brought against it. Just as in this case, Ohio Insurance sought to bifurcate the issue of coverage from the bad faith claim, making identical arguments. *Id.* at *1.

In considering the motion, the Court rejected Ohio Insurance's argument that they would be prejudiced by "having to engage in simultaneous discovery and motion practice on the coverage and bad faith issues." In doing so, the Court noted numerous Courts, including the Seventh Circuit Court of Appeals have found "there may be substantial overlap between the issues of coverage and bad faith". Id. at *2. Information held in the claims file "may be relevant and discoverable in connection with the coverage issues". *Id.* Agreeing with the numerous courts which have found overlap, the Court held "coverage and bad faith issues are often inextricably intertwined such that bifurcation of discovery of these issues would serve little or no purpose and would not advance judicial or other economies." *Id.* at 3. The Court found Ohio Insurance could not prove there would be no overlap in witnesses or evidence for the coverage and bad faith issues, and thus it had failed to meet its burden to prove bifurcation proper. *Id.* at 2.[3]

---

[3] Similarly, in this case, Ohio Insurance has failed to articulate any specific benefits or prejudice, but has instead relied upon general allegations and speculation of what possibly could happen.

6

Case 3:06-cv-05018-RED   Document 20   Filed 06/13/06   Page 6 of 11

The Court also rejected the argument raised by Ohio Insurance in both cases, that trying the coverage issue first would shorten the case. Instead, the Court noted it is just as likely to "prolong the litigation and create inefficiencies where they would not otherwise exist". *Id.* at 2. The Court concluded by noting that if a valid coverage defense existed, Ohio Insurance was always free to raise such arguments in a motion for summary judgment. *Id.* at 3.

Numerous Courts have made the same decision, finding it inappropriate to bifurcate a bad faith claim. In *Light v. Allstate Ins. Co.,* 182 F.R.D. 210, 213-214 (S.D. W. Va. 1998)The Court found bifurcation of contract and bad faith issues "inappropriate", as bifurcation would not promote economy. *Id.* at 213. Rather, "evidence presented concerning the breach of contract claim is very likely to overlap with evidence on the bad faith claim." *Id.* The Court in doing so also noted contract and bad faith actions are not complex, and not likely to mislead or confuse jurors.

Other Courts which have found bifurcation in bad faith cases inappropriate include *Harbor Ins. Co v. Omni Const. Co.*, 1987 WL 12789 (D.D.C. 1987)(Bifurcation of coverage and bad faith issues would not result in convenience, timing or economy as significant overlap exists between the two issues); *Niver v. Travelers Indemnity Co.*, 2006 WL 1165865 (N.D. Iowa 2006)(Noting Eighth Circuit authority counsels against bifurcating claims which involve evidence or testimony relevant to both counts, denying motion to bifurcate bad faith claim);*Williams v. Treasure Chest Casino, L.L.C.*, 1998 WL 42586 (E.D. La. 1998)(Finding bifurcation of coverage from bad faith claims would result in prejudice to plaintiff from delay, and result in no real tangible benefit, denying bifurcation); *Guaranty Corp. v. National Union Fire Ins.,* 1993 WL 17694 (E.D. La. 1993)(Denying insurer's motion to bifurcate, as bifurcation would only lead to more work and expense, including disputes as to discovery).

Defendant's argument that this coverage is a simple legal inquiry which will require no discovery is also incorrect, as any attempt by defendant to raise new exclusions will require fact specific discovery of all of the parties in this case. Please see e.g. *Wood v. Safeco Ins. Co*, 980 S.W.2d 43 (Mo. App. E.D. 1998); *Miller v. Secura Ins.*, 53 S.W.3d 152 (Mo. App. W.D. 2001). This includes the attorneys who represented Ms. Sanchez in the wrongful death suit. To require the four attorneys in the case below to give two separate depositions, one on the coverage issues, and another on the bad faith, would not be conducive to economy or common sense. It would also be in practice impossible, as the issues run into each other.

The Court in *Country Life Ins. Co. v. St. Paul Surplus Lines*, 2005 WL 3690567 (C.D. Ill. 2005) likewise dealt with the argument raised by Ohio Insurance that its file material might be embarrassing or confidential.[4] As the Court in *Country Life* instructed, production of the material with a protective order is more than sufficient "to protect any legitimate interest [the insurer] has in this information". *Id.* at *4. Finding a protective order would eliminate any possible prejudice to the insurer, the Court denied bifurcation of the claim. *Id.* at 4. This is especially true here, where the Missouri Supreme Court has held the entire claims file is the property of the insured. Please see *Grewell I and II, Supra.*[5]

Bifurcation would do nothing other than cause undue delay, multiply the proceedings,

---

[4] Other than including material showing the exclusion it relied upon was invalid, defendant identifies no other concrete way in which its claims file would be "embarrasing" to defenant.

[5] Indeed, this absolute right to his entire claims file, independent of any litigation, shows why the out of jurisdiction cases cited by defendant, such as *Allstate v. Ruiz*, 899 So.2d 1121, 1130 (Fla. 2005) are not on point. The Missouri Supreme Court having specifically and succinctly rejecting the reasoning behind case such as *Ruiz*, defendant cannot argue discovery of claims file material should be denied to its owner, Mr. Brown.

prejudice plaintiff with additional delay, and cause duplication of discovery, travel, and depositions. As such, the Court should deny defendants motion.

## IV. Bifurcation of the punitive damages provision is not required.

Defendant has alternatively sought bifurcation of compensatory damages, and the decision of whether to award punitive damages, from the actual amount of punitive damages, relying upon R.S.Mo. §510.263(1). Again, defendant fails to cite the Court to the binding 8th Circuit authority which holds this provision of state procedural law <u>does not apply in federal court</u>. Please see e.g. *Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1997)(Holding District Court properly declined to bifurcate issue of amount of punitive damages from compensatory damages). If the Court does decide to bifurcate punitive damages as set forth in R.S.Mo. 510.263(1), the issue of punitive damages is not severed from compensatory damages. Instead, compensatory damages and the decision whether to award punitive damages are first decided, and then the <u>amount</u> of punitive damages are decided in the second bifurcated round. Please see e.g. *Hogan v. Armstrong World Indus.*, 840 S.W.2d 230, 235 (Mo. App. W.D. 1992)

Finally, if the Court does decide to bifurcate the amount of punitive damages from the liability for same, this would likewise counsel against further severing of the claim, as it would lead to a trifurcation situation (first coverage, then bad faith issues, then finally punitive damages).

## V. Conclusion.

The usual procedures in trying cases at one time are in place for a reason. They work. That is why the Rules require a clear showing of unusual circumstances to step outside of the expected course, that a claim be tried at one time. In this case, defendant cannot show there is anything about the standard procedures that would require stepping outside of this standard.

9

Case 3:06-cv-05018-RED    Document 20    Filed 06/13/06    Page 9 of 11

Instead, the facts and circumstances of this case show that bifurcation would provide no benefit, but instead significant prejudice and duplication of effort.

Defendant cannot withhold producing the entire claims file to plaintiff no matter how the case is set for trial, as Ohio Casualty's fiduciary duty under Missouri law mandates prompt disclosure. Likewise, the issues of coverage and bad faith are intertwined, and will require factual discovery and development from the same group of people and documents. Severance would do nothing other than require the same work be performed twice.

Finally, both the Eighth Circuit and other Federal Courts have routinely denied bifurcation in similar circumstances, including a recent opinion denying the exact same relief Ohio Casualty seeks in this case.

For all of these reasons, plaintiff would respectfully suggest the Court DENY defendant's Motion to Bifurcate.

**THE STRONG LAW FIRM, P.C.**

/s/ Jeff Bauer
---
| Steve Garner - | MO Bar#:35899 |
| Jeff Bauer - | MO Bar#:48902 |
| Chandler Gregg - | MO Bar#:56612 |

901 East Battlefield
Springfield, Missouri 65807
Phone: (417) 887-4300
Fax: (417) 887-4385
sgarner@stronglaw.com
jbauer@stronglaw.com
chandler@stronglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to counsel for defendant via (**X**) U.S. Mail, ( ) Facsimile, ( ) Hand Delivery, ( ) Federal Express (**X**) Electronic Means, this **13**[th] **day of June, 2006**.

Richard E. Davis
Daniel J. Rice
WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, MO 65808-3758
Phone: 417-882-7400
Fax: 417-882-6101

**THE STRONG LAW FIRM, P.C.**

*/s/ Jeff Bauer*