IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JOHN MICHAEL BROWN )
d/b/a Brown's Tree Care, )
 )
               Plaintiff, )
 )
vs. )   Case No. 06-5018-CV-SW-REL
 )
THE OHIO CASUALTY INSURANCE, )
COMPANY, )
 )
               Defendant. )

PLAINTIFF'S REPLY SUGGESTIONS IN
RESPONSE TO DEFENDANT'S "SUR-REPLY"

**COMES NOW** plaintiff and for his Reply Suggestions in Response to Defendant's "Sur-Reply" would state as follows:

I. **There is no provision in the Local Rules for a "Sur-Reply" absent leave of the Court, and thus defendant's "Sur-Reply" should be stricken.**

Under the Local Rules for the Western District, there is a specific process for deciding motions. First, a Motion and Suggestions In Support of Motion are filed. Please see Local Rule 7.1(b-e). The non-moving party may then provide Suggestions in Opposition to the Motion. *Id*. Finally, the moving party is given the opportunity to file Reply Suggestions. *Id*. There are no provisions within the social rules for the non-moving party to have the last word through a "Sur-Reply." Having no provision in place for such an odd entity, the sole way in which a "Sur-Reply" could be filed is by seeking leave of the Court, which was not done by defendant prior to filing its motion. As such, the suggestions are improper, and are subject to being stricken.[1]

---

[1] As there is no provision for a "Sur-Reply," plaintiff's initial thought there was likewise no provision for Reply Suggestions against such a filing. As such, plaintiff considered only

*1*

## II. Defendant's "Sur-Reply" is primarily a repeat of the same discredited arguments previously made.

Having taken the effort to file a response which does not exist, one would presume defendant had some exceptional argument or reason for doing so. After review of the "Sur-Reply," however, this is not the case. Instead, the same misconceived arguments previously raised by defendants are regurgitated as if saying them again would somehow make them true the second time around. Thus, defendant utterly fails to explain how a separate declaratory judgment would do anything that a motion for summary judgment would not.[2] Indeed, the entire six pages of "Sur-Reply" is devoid of any supporting authority, with not a single case or opinion in support of its arguments to be found.

Incredibly, the one new point raised in defendant's motion is an absolute misstatement of the law. Specifically, Defendant alleges that a declaratory judgment as to the element of coverage would eliminate the need to produce Mr. Brown's claims file. The law, however, is that Mr. Brown's claims file must be produced at any time, upon Mr. Brown's request. The reason is that under Missouri law, like a client file held by an attorney, the claims file belongs to Mr. Brown. Please see e.g. *Grewell v. State Farm Mutual*, 102 S.W.3d 33 (Mo. banc 2003)("*Grewell I*"). Under *Grewell I*, the entire claims file belongs to Mr. Brown. *Id.* at 37. No saving in time, discovery, or effort can possibly be found by allowing a declaratory judgment as to the one element of the claim,

---

filing a Motion to Strike. The EFC notice that went with defendant's "Sur-Reply," however, set a date of June 16, 2006 for Reply Suggestions by plaintiff. As such, plaintiff is filing this reply in conformity with the EFC docket notice.

[2] The likely reason defendant fails to address this issue is that it has previously been instructed by a Federal District Court on this exact point, contrary to its arguments to this Court. In *Trinity Homes, LLC. v. Regent Ins. Co. and Ohio Casualty Ins. Co. et al.*, 2006 WL 753125 (S.D. Ind. 2006) defendant Ohio Insurance sought to sever the issue of coverage from its bad faith failure to defend its insured. The Court denied Ohio Insurance's request, and in so doing noted that if a valid coverage defense existed, the proper place to raise it was in a Motion for Summary Judgment, and not by severing portions of the claim. *Id.* at *3.

as Mr. Brown is entitled to the file immediately, whether the Court allows the declaratory judgment or not. Indeed, should defendant deny Mr. Brown access to the entire claims file upon request, they are in breach of their fiduciary duties, and are liable for attorney fees and punitive damages. Please see *Grewell v. State Farm Mutual*, 162 S.W.3d 503 (Mo. App. W.D. 2005)("*Grewell II*").[3]

Defendant is also wrong that the issues of coverage and bad faith are completely separate. Instead, the issues and evidence of coverage and bad faith are intertwined. Please see e.g. *Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 360-362 (8th Cir. 2000) where the Eighth Circuit rejected the argument an insurer's claims files and claims documents should not be discoverable until after the contract/coverage issue had been decided. As *Athey* makes clear, there is no prejudice to defendant in defending and producing this material all at once. *Id.* at 361-362.

Likewise in *Trinity Homes, LLC. v. Regent Ins. Co. And Ohio Casualty Ins. Co. et al.*, 2006 WL 753125 (S.D. Ind. 2006) the Court rejected this argument when it was raised by Ohio Insurance in that case. In *Trinity Homes* the Court rejected Ohio Insurance's argument it should not have to "engage in simultaneous discovery and motion practice on the coverage and bad faith issues." *Id.* at *2. In doing so, the Court relied upon decisions by both Circuit and District Courts holding "there may be substantial overlap between the issues of coverage and bad faith". *Id.* Information held in the claims file is likely to be "relevant and discoverable in connection with the coverage issues". *Id.* The Court thus ruled that "coverage and bad faith issues are often inextricably intertwined such that bifurcation of discovery of these issues would serve little or no purpose and would not advance

---

[3] The vehemence with which Ohio Casualty has attempted to avoid producing its claims file would certainly suggest there is material damaging to the issue of coverage contained therein.

judicial or other economies." *Id.* at *3.[4] Importantly, the Court agreed with plaintiff's counsel in this case that if a valid coverage defense existed, <u>Ohio Insurance should raise such arguments in a motion for summary judgment</u>. *Id.* at *3.

Finally, the issues of coverage are not as simple as defendant alleges. Defendant in its multiple denials of coverage alleged the sole reason for refusing to defend its insured was a "mobile equipment" exclusion. Defendant continued to take this position, despite the fact defendant's own definition section explicitly stated it did not apply. Defendant has now conceded this point, failing to even raise the exclusion relied upon to deny coverage as an affirmative defense.

Instead, defendant is now attempting to rely upon exclusions which were never raised when it failed to defend Mr. Brown.[5] In such situations, factual issues of estoppel and waiver arise. Please see e.g. *Wood v. Safeco Ins. Co*, 980 S.W.2d 43 (Mo. App. E.D. 1998); *Miller v. Secura Ins.*, 53 S.W.3d 152 (Mo. App. W.D. 2001). These are very fact specific inquiries, which will require the same discovery the bad faith claim will entail.

Defendant's counter claim for declaratory judgment is invalid, and should be dismissed. As Ohio Insurance was informed just a few months ago on this exact issue, if it has a coverage defense the proper place to raise it is in a Motion for Summary Judgment. *Trinity Homes, LLC. v. Regent*

---

[4] Other cases so holding include *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213-214 (S.D. W. Va. 1998)("Evidence presented concerning the breach of contract claim is very likely to overlap with evidence on the bad faith claim") and *Harbor Ins. Co v. Omni Const. Co.*, 1987 WL 12789 (D.D.C. 1987)(noting significant overlap exists between coverage and bad faith issues).

[5] In a prior case involving the same "mobile equipment" exclusion, material produced in the claims and investigative file showed defendant had considered and discarded as inapplicable the defenses Ohio Insurance now seeks to raise in this case. This is not surprising, given that an insurance company in denying coverage is required to do a thorough analysis of the entire policy for possible coverage, as well as any exclusions which might apply. The claims file is thus likely from both experience and common sense to contain admissions by defendants its newly raised defenses are also invalid.

4

*Ins. Co. And Ohio Casualty Ins. Co. et al.*, 2006 WL 753125, *3 (S.D. Ind. 2006).

### III. **Defendant completely fails to address binding Eighth Circuit authority that Ms. Sanchez is not a proper party.**

There is no relationship, whether by contract or tort, between Ms. Sanchez and Ohio Casualty. Despite this, Ohio Casualty continues to try and add complication to a simple bad faith suit, by alleging it would like to bring in an inappropriate party.[6] Under *Quick v. National Auto Credit*, 65 F.3d 741 (8th Cir. 1995), the proper party in a bad faith suit is the insured, and not the judgment creditor who the insured injured. *Id.* at 746. As such, Ms. Sanchez cannot be brought into this case. *Id.* at 747.

Likewise, the only "agreement" is that Ms. Sanchez will not put Mr. Brown into Bankruptcy and seek assignment of the claim as she could under *Ganaway v. Shelter Mutual Ins. Co.*, 795 S.W.2d 554 (Mo. App. S.D. 1990). Instead, she is allowing him to proceed with his bad faith case. Despite making this point perfectly clear in Plaintiff's response, defendant continues to argue there is some kind of secret "agreement" entered into by the parties.[7] The only understanding Mr. Brown had was that Ms. Sanchez as a judgment debtor could force him into bankruptcy, and have his claim for bad faith assigned. Given this prospect, he "agreed" to bring a bad faith suit to keep the harm caused by Ohio Insurer from including being forced into bankruptcy. There are thus no "terms" because there is no agreement!

Finally, defendant continues to misunderstand Ms. Sanchez position as a third-party

---

[6]Interestingly, Ohio Insurance has done nothing to actually make Ms. Sanchez a party, as no third-party claim has been filed, but instead only a counterclaim against plaintiff.

[7] While plaintiff's counsel in the past has been involved in cases where a modified 537.065 agreement is used to assign the rights of the insured, <u>no such agreement exists in this case</u>. Further, as set forth in *Quick*, no such agreement could exist in this Court.

5

judgment creditor. As such, she has an indirect interest in the case, just as anyone whom Mr. Brown owed money would. Should Mr. Brown be successful in his suit, as a judgment creditor Ms. Sanchez will be paid, and Mr. Brown's crushing debt will be relieved. As a judgment creditor with only an indirect third-party interest in the outcome of the coverage issue however, Ms. Sanchez is not a necessary party. Please see e.g. *Gwartz v. Jefferson Memorial Hospital*, 23 F.3d 1426, 1429-1430 (8th Cir. 1994)(Third party is not necessary party, where party in case has "same interest in establishing the facts" as the third party); *Rochester Methodist Hospital v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984)(Holding in indemnity situation, third party not necessary, as party bringing claim has same interest in pursuing claim as would third party); *Air-Exec, Inc. v. Two Jacks, Inc.*, 584 F.2d 942, 945 (10th Cir. 1978)(Security interest held by non-party does not make them a necessary party); *Securities & Exchange Commission v. Bilzerian*, 378 F.3d 1100, 1108 (D.C. Cir. 2004)(Original holder of note not necessary party as assignee is "subject to all defenses and rights" as the defendant had against the debt holder); *Fleet National Bank v. TWA*, 767 F.Supp. 510, 515 (S.D. N.Y. 1991)(Junior debt holder not necessary party, as it does not have any greater rights than the party bringing the claim).

The idea that should defendant prevail in this case, Ms. Sanchez would then attempt to garnish on a policy the Court has already declared non applicable, is truly unique. Apart from being possibly sanctionable as a claim without sufficient merit under Rule 11, it would make no sense. Indeed, having simply contacted counsel for Ms. Sanchez, plaintiff's counsel has been informed that Ms. Sanchez is willing to stipulate the decision on coverage in this case will be binding upon her for this very reason.

Ms. Sanchez is thus not a necessary nor even proper party in this bad faith suit, and as such

does not remotely support a separate counter claim for on an admitted affirmative defense in the underlying case. This is especially true as no third-party claim has been filed against Ms. Sanchez by defendant, but instead only the counterclaim against the parties already in the bad faith suit. All parties with a legally cognizable interest are present before the Court, and the matter will be fully resolved by the determination of the underlying claim. There is nothing about this case which takes it outside the standard rule that it is improper to assert an affirmative defense as a separate counterclaim as such, plaintiff respectfully suggests the Court follow the overwhelming weight of authority and dismiss defendant's counterclaim for declaratory judgment or an affirmative defense already raised in the underlying case.

THE STRONG LAW FIRM, P.C.

/s/ Jeff Bauer

| | |
|---|---|
| Steve Garner - | MO Bar#:35899 |
| Jeff Bauer - | MO Bar#:48902 |
| Chandler Gregg - | MO Bar#:56612 |

901 East Battlefield
Springfield, Missouri 65807
Phone: (417) 887-4300
Fax: (417) 887-4385
sgarner@stronglaw.com
jbauer@stronglaw.com
chandler@stronglaw.com

**ATTORNEYS FOR PLAINTIFF**

7

Case 3:06-cv-05018-RED   Document 21   Filed 06/14/06   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to counsel for defendant via (**X**) U.S. Mail, ( ) Facsimile, ( ) Hand Delivery, ( ) Federal Express (**X**) Electronic Means, this **14th day of June, 2006**.

Richard E. Davis
Daniel J. Rice
WHITEAKER & WILSON, P.C.
1919 East Battlefield
P.O. Box 3758
Springfield, MO 65808-3758
Phone: 417-882-7400
Fax: 417-882-6101

**ATTORNEYS FOR DEFENDANT**

THE STRONG LAW FIRM, P.C.

*/s/ Jeff Bauer*