```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               WESTERN DISTRICT OF MISSOURI
                    SOUTHWESTERN DIVISION

JOHN MICHAEL BROWN              )
d/b/a Brown's Tree Care,        )
                                )
            Plaintiff,          )
                                )
       v.                       )    Case No. 06-5018-CV-SW-REL
                                )
THE OHIO CASUALTY INSURANCE     )
COMPANY,                        )
                                )
            Defendant.          )
```

### ORDER DENYING PLAINTIFF'S
### MOTION TO DISMISS COUNTERCLAIM

Before the court is plaintiff's motion to dismiss the counterclaim filed by defendant on the ground that the counterclaim fails to state a claim for which relief may be granted. For the following reasons, plaintiff's motion will be denied.

*I.  BACKGROUND*

According to the pleadings, the following occurred resulting in the issues now before the court: Plaintiff purchased insurance policies from defendant which were in effect from September 28, 1999, through September 28, 2000. On September 13, 2000, Lorenzo Sanchez, an employee of plaintiff Brown's Tree Care, was killed while working. On December 6, 2001, plaintiff John Brown pleaded guilty to a criminal information charging him with failure to insure

workers compensation liability and failure to report the injury of a worker.  Mr. Sanchez's widow filed a wrongful death suit against plaintiff on September 6, 2002.  Ohio Casualty was notified of the suit and denied coverage on October 19, 2002.  After arbitration, judgment was entered in favor of Mrs. Sanchez and against plaintiff in the amount of $1,500,000.00 on August 29, 2003.  On March 7, 2006, plaintiff filed the instant lawsuit against defendant with claims of bad faith, negligent claims handling, and breach of fiduciary duty.  On April 13, 2006, defendant filed its answer which included affirmative defenses and a counterclaim seeking a declaratory judgment that the policies sold to plaintiff do not cover the death of Mr. Sanchez.

On May 2, 2006, plaintiff filed a motion to dismiss the counterclaim.  Plaintiff argues that declaratory judgment actions are appropriate only in situations where the adverse party has not yet brought suit on the issue, and in this case the issue of whether coverage existed is an essential element of the bad faith claim brought by plaintiff. Defendant argues that the court should exercise its discretion to entertain the declaratory judgment claim because it would clearly define any further litigation that

2

may be necessary after the issue of coverage has been determined.

On May 30, 2006, plaintiff filed a reply brief arguing that the issue of coverage is an essential element in the bad faith suit, and that defendant can file a motion for summary judgment on the issue of coverage without the need for the counterclaim on the exact same issue.

## II. MOTION TO DISMISS

Title 28, United States Code, Section 2201(a) states in part as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Jurisdiction over declaratory judgment actions is discretionary. 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).

In diversity cases, whether to dismiss a counterclaim for failure to state a claim for which relief may be granted is a procedural question governed by federal law and not state law. Fidelity & Cas. Co. of N. Y. v. Coffelt, 11 F.R.D. 443, 444 (S.D. Iowa 1951).

3

Plaintiff argues that defendant may not seek a declaratory judgment in a counterclaim, because the issue sought to be decided in the declaratory judgment is already before the court in plaintiff's bad faith claim and because the lack of coverage (the subject of the counterclaim) is already pled in the affirmative defenses. Plaintiff cites an unpublished case from the District of Texas, <u>Albritton Properties v. American Empire Surplus Lines</u>, 2005 WL 975423 (N.D. Tex. 2005), in support of his argument. In <u>Albritton</u>, the plaintiff sued its insurance company for damages sustained in a thunderstorm. In its answer, the insurance company listed as an affirmative defense that the incident was not covered by the policy, and it filed a counterclaim seeking a declaratory judgment that the damages were not covered by the policy.

In dismissing the counterclaim, the court, citing state law cases, found that the issue was already before the court in an affirmative defense and defendant failed to show that it could "recover benefits, compensation, or other relief on the counterclaim" even if plaintiff failed to establish its breach of contract cause of action.

As defendant points out, this case is not binding as it is unpublished and is from the District of Texas. That

4

aside, I find the reasoning of the decision unpersuasive. First, the court relied on state law cases to decide an issue that should be decided using federal law.  Second, the court did not explain how a declaratory judgment action seeking a declaration that an insurance policy does not cover damages to a building's interior or lost business income is not "relief".  Using the court's reasoning, no declaratory judgment action would state a claim for which relief may be granted.  Finally, the court's holding that it "must" address the issue of coverage because that is raised in the affirmative defenses is not supported by any authority in the opinion and is contrary to other published cases.  For example, in Cardinal Chemical Company v. Morton International, Inc., 508 U.S. 83, 93-94 (1993), the Supreme Court noted, "An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."

Plaintiff also relies on Amari v. Radio Spirits, Inc., 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002), wherein a district judge dismissed a declaratory judgment action[1] in

---

[1] In Amari, the plaintiff filed a declaratory judgment action in Illinois federal court seeking a declaration that his business did not violate a non-compete clause.  The defendant filed a lawsuit in state court in Florida for

5

order to "streamline" the litigation. However, in this case, defendant has moved to bifurcate the case and hear only the declaratory judgment counterclaim first, in order to streamline the litigation -- the same result sought in the <u>Amari</u> case. Only the streamlining in this case would be done by keeping the declaratory judgment action alive, not by dismissing it.

Plaintiff further cites <u>United States v. Zanfei</u>, 353 F. Supp. 2d 962 (N.D. Ill. 2005), where the court dismissed a declaratory judgment counterclaim. However, in that case, the court held that the federal tax exception to the Declaratory Judgment Act barred the counterclaim. The tax exception is not at issue in this case.

Plaintiff cites <u>Celador International, Ltd. v. The Walt Disney Co.</u>, 347 F. Supp. 2d 846, 858 (C.D. Cal. 2004), where the court dismissed a declaratory judgment claim since the issue would be resolved by the other claims brought by the same party. However, that case is distinguishable because

---

breach of the non-compete clause of the contract. The action was removed to federal court and transferred to the federal court in Illinois where the two cases were consolidated. The court found that the only difference in dismissing the declaratory judgment action would be to make the plaintiff become the defendant and the defendant become the plaintiff -- a "minor inconvenience."

6

the declaratory judgment claims sought declarations on factual issues, not issues of law. The court held that, "if a claim for declaratory relief presents merely factual questions that will not terminate the dispute between the parties, it may be appropriate to decline the action.", citing Newton v. State Farm Fire & Casualty Co., 138 F.R.D. 76, 79 (E.D. Va. 1991).

Finally, plaintiff cites Western Heritage Ins. Co. v. Sunset Security, Inc., 63 Fed. Appx. 965 (8th Cir. 2003); however, that case again is distinguishable because it held that federal district courts should decline jurisdiction in a declaratory judgment action where the action is based on an issue of state law which has been decided differently in the state circuits and has not been resolved by the state supreme court, and a parallel state action is currently pending. Those factors are not present here.

I find that none of the cases cited by plaintiff persuade me that I should decline jurisdiction of the declaratory judgment counterclaim.

Defendant, in its response, quotes from Dow Jones and Company, Inc. v. Harrods, Ltd., 237 F. Supp. 2d 394, 405 (S.D.N.Y. 2002), outlining the purpose of the Declaratory Judgment Act. I note that a very important sentence was

7

omitted from defendant's quotation, without the traditional ellipses points, i.e., "The action generally commences at the instance of a party facing potential liability to another who may have an accrued claim at that time but has not yet commenced coercive litigation to pursue relief." This very sentence which was omitted from the quotation in defendant's response encompasses the argument so strenuously put forth by the plaintiff in this case. That is, a declaratory judgment action is appropriate only when the defendant is faced with the uncertainty of potential liability and must otherwise wait for the plaintiff to file suit. I also note that the district court in <u>Dow Jones</u> granted the motion to dismiss the declaratory judgment action.

The other cases cited by defendant involve a declaratory judgment action being filed in a separate suit from substantive claims, not as a counterclaim in the same lawsuit. Therefore, none of the cases cited by defendant convince me that I should accept jurisdiction of the declaratory judgment counterclaim.

There have been cases adjudicated wherein a plaintiff filed a complaint and a defendant asserted affirmative defenses along with a counterclaim for declaratory relief.

8

See Cardinal Chemical Company v. Morton International, Inc., 508 U.S. 83 (1993); Jackson Hewitt, Inc. v. Madan, 83 Fed. Appx. 417 (3rd Cir. 2003); Leatherman Tool Group, Inc. v. Cooper Industries, Inc., 131 F.3d 1011, 1011-1012 (Fed. Cir. 1997); TIG Insurance Company v. Smart School, 401 F. Supp. 2d 1334, 1337 (S.D. Fla. 2005). Although similar claims were brought in each of those cases as are present in this case, none of those cases dealt with a motion to dismiss the counterclaim except perhaps Cardinal Chemical. In that case the issue was whether the court need address the issue of validity of a patent (raised in the counterclaim seeking declaratory relief) after having found that the patent was not infringed in the original complaint. The Supreme Court held that the counterclaim should indeed be addressed, even when invalidity of the patent was raised as an affirmative defense. In distinguishing one case, with the issue raised only as an affirmative defense, from another wherein the issue was raised in a counterclaim, the Court said:

> The issue of invalidity in Electrical Fittings was raised only as an affirmative defense to the charge that a presumptively valid patent had been infringed, not (as in Fonar, and as here) as a basis for a counterclaim seeking a declaratory judgment of patent invalidity. An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment.

9

Id. at 93-94.

### III. CONCLUSION ON MOTION TO DISMISS

Because a motion to dismiss a counterclaim should be granted only if it appears beyond doubt that the counter-claimant can prove no set of facts to warrant a grant of relief, Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1069 (8th Cir. 2006), and because I have found no case law convincing me that I should exercise my discretion to decline jurisdiction of the counterclaim, it is

ORDERED that plaintiff's motion to dismiss[2] defendant's counterclaim for failure to state a claim for which relief may be granted is DENIED.

                                              /s/ Robert E. Larsen
                                              ROBERT E. LARSEN
                                              United States Magistrate Judge

Kansas City, Missouri
August 7, 2006

---

[2]Defendant filed a sur-reply, and plaintiff filed a reply to the sur-reply, arguing that the sur-reply should be stricken because it was filed without leave of court. I note that plaintiff did not obtain leave of court to file the reply to the sur-reply. Because leave was not obtained to file the sur-reply or the response to the sur-reply, I have not read those documents and have not considered them in addressing the motion to dismiss.