IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROWN d/b/a Brown's Tree Care, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-5018-CV-SW-REL |
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE

Before the court is defendant's motion to bifurcate the counterclaim seeking a declaratory judgment that no coverage existed from the claims of breach of contract, bad faith, negligent claims handling, and breach of fiduciary duties filed by plaintiff. For the following reasons, defendant's motion will be granted.

### I. BACKGROUND

According to the pleadings, the following occurred resulting in the issues now before the court: Plaintiff purchased insurance policies from defendant which were in effect from September 28, 1999, through September 28, 2000. On September 13, 2000, Lorenzo Sanchez, an employee of plaintiff Brown's Tree Care, was killed while working. On December 6, 2001, plaintiff John Brown pleaded guilty to a

criminal information charging him with failure to insure workers compensation liability and failure to report the injury of a worker. Mr. Sanchez's widow filed a wrongful death suit against plaintiff on September 6, 2002. Ohio Casualty was notified of the suit and denied coverage on October 19, 2002. After arbitration, judgment was entered in favor of Mrs. Sanchez and against plaintiff in the amount of $1,500,000.00 on August 29, 2003. On March 7, 2006, plaintiff filed the instant lawsuit against defendant with claims of bad faith, negligent claims handling, and breach of fiduciary duty. On April 13, 2006, defendant filed its answer which included a counterclaim seeking a declaratory judgment that the policies sold to plaintiff do not cover the death of Mr. Sanchez.

On May 31, 2006, defendant filed a motion to bifurcate. Defendant argues that discovery and trial on the remaining counts will be unnecessary if it is determined that no coverage existed, and it will be prejudiced by producing voluminous documents in discovery for the plaintiff's claims which will be unnecessary if it is determined that no coverage existed.

On June 16, 2006, plaintiff filed a response in opposition to the motion to bifurcate. Plaintiff argues

2

that defendant will be required to produce plaintiff's entire claim file regardless of whether the proceedings are bifurcated.

On June 27, 2006, defendant filed a reply.

## II.  *MOTION TO BIFURCATE*

Federal Rule of Civil Procedure 42(b) states as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The mode of trial is procedural under Rule 42(b) and bifurcation of claims is generally permissible "as long as substantive state law is not impinged". Sanford v. Johns-Manville Sales Corp., 923 F.2d 1142, 1146 n. 7 (5th Cir. 1991) (dictum).  Whether to grant a motion to bifurcate is a matter of broad discretion.  Fed. R. Civ. P. 42(b); Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000); EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998); O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-1202 (8th Cir. 1990). In exercising discretion, district courts should consider

3

the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion. Id., citing Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1042 (8th Cir. 1983).

The strongest factors in this case are clarity, judicial economy, and possibilities for confusion. As defendant points out, if there is no coverage under the Ohio Casualty policy, none of plaintiff's claims can succeed. Plaintiff agrees -- in plaintiff's motion to dismiss, he states that, "[o]ne of the conditions for showing bad faith and breach of contract by plaintiffs in their case is that a policy of insurance existed, which provided coverage for the incident in question." Therefore, it is clear that if the court determines there was no coverage, it will be unnecessary to address the claims in plaintiff's complaint (and the ones plaintiff has sought leave to add in his motion to amend his complaint).

One of the cases cited by plaintiff[1], Trinity Homes,

---

[1] In its response plaintiff states as follows: "[D]efendant Ohio Casualty was apparently unable to find a copy of the Order it received a few months ago in Trinity Homes, LLC v. Regent Ins. Co. and Ohio Casualty Ins. Co. et al., 2006 WL 753125 (S.D. Ind. 2006)."

4

LLC v. Regent ins. Co. and Ohio Casualty Ins. Co., 2006 WL 753125 (S.D. Ind. 2006), wherein defendant Ohio Casualty lost in another case on a motion to bifurcate, is not on point. In that case, the court stated that the decision to bifurcate should be made on a case-by-case basis as there is no presumption in favor of bifurcation given certain circumstances. Id. at *2. The court went on:

> Certain Insurers' claims of prejudice from having to engage in discovery and motions practice relating to damages/bad faith issues before the coverage issues are determined presumes that they will prevail on the coverage issues. While that is one possible outcome, they have offered nothing to show that it is more likely that they, rather than the Plaintiffs, will prevail. Thus, bifurcating the coverage issues from the damages/bad faith issues for purposes of discovery and trial would be just as likely to prolong this litigation and create inefficiencies where they would not otherwise exist as it would be to promote convenience, efficiency and expediency.

Id.

In this case, unlike Trinity Homes, defendant has included myriad attachments to its pleadings indicating that (1) the insurance policy at issue excluded coverage for any incident falling within worker's compensation, (2) the decedent was killed while performing his duties as an employee of plaintiff's company, and (3) plaintiff was criminally charged with failing to maintain worker's compensation insurance and indeed pled guilty to that

5

charge.  Therefore, unlike the insurance companies in
Trinity Homes, defendant in this case has offered evidence
to show that it is more likely that defendant, rather than
plaintiff, will prevail on the issue of coverage.[2]  In
addition, the court in Trinity Homes had already granted a
stay of discovery pending resolution of a motion for summary
judgment and therefore found the defendants' claims of
prejudice to be overstated.  In this case, there has been no
stay of discovery.

    Defendant has argued, and plaintiff has agreed (at
least in its motion to dismiss), that the issue of coverage
must be decided in deciding all of the other claims.
Therefore, it is defendant's position that a finding of no
liability will make discovery and trial on all of the
remaining claims unnecessary.  Plaintiff has not countered
with anything but conclusory statements.  Plaintiff states
that the issue of coverage will require depositions of all
of the same people the bad faith claim will entail.
However, this conclusory statement does not persuade me that
there will not be a time, effort, and cost savings in

---

[2]I am not by any means prejudging the facts of this
case.  I only point out the evidence that has been presented
by defendant, which is a factor used by the court in the
case cited several times by plaintiff in his response.

bifurcating the declaratory judgment counterclaim from the remainder of the case. Even if the same people will be deposed, it is clear that the depositions will be significantly streamlined if the coverage issue is dealt with first. In Progressive Northern Ins. Co. v. Bachmann, 314 F. Supp. 2d 820, 833 (W.D. Wisc. 2004), the court was given specific factual examples of how the evidence of coverage would be the same as the evidence of bad faith. No such detail was presented here.

Finally, plaintiff argues that defendant is strenuously avoiding the production of plaintiff's claim file, but will be required to produce the entire claim file regardless of whether the case is bifurcated. Although both parties have mentioned this dispute and indeed I held a preliminary teleconference on the issue recently, this issue has not been briefed by the parties and I will not make a determination on whether the claim file must be produced at this time. I mention only that whether the defendant will have to produce a claim file is not the sole factor that should be considered by the court in deciding whether to grant the motion to bifurcate.

The issue of insurance coverage can be bifurcated from claims of bad faith and breach of contract. See Estate of

7

Taylor v. St. Paul Co. Fire & Marine Ins. Co., 268 F. Supp. 2d 873, 876 (N.D. Ohio 2002); Cigna Insurance Co. v. Cooper Tire & Rubber, Inc., 180 F. Supp. 2d 933, 936 n. 2 (N.D. Ohio 2001); Pound v. Hull & Co., Inc., 1994 WL 1890926 (N.D. Miss., October 27, 1994). See also O'Malley v. United States Fidelity & Guarantee Co., 776 F.2d 494, 501 (5th Cir. 1985) (stating that a district court's bifurcation order was proper since the resolution of a breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against its insurer); South Hampton Refining Co. v. Nat'l Union Fire Ins. Co., 875 F. Supp. 382, 384 (E.D. Tex. 1995) ("[t]he goals of Rule 42(b) will be achieved and this court and the parties will not waste valuable resources attending to claims which could be disposed of by a determination of the insurance coverage.").

### *III. CONCLUSION ON MOTION TO BIFURCATE*

In this case, defendant has met its burden of proving that bifurcating the coverage claim will prevent the waste of valuable resources attending to claims which could be disposed of by a determination of the insurance coverage. Therefore, it is

8

ORDERED that defendant's motion to bifurcate the declaratory judgment counterclaim from the remaining claims is GRANTED.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 7, 2006

9